UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ----------------------------------------------------------------X
LITTMAN KROOKS LLP, on behalf of,
R.A. individually and on behalf of Z.A., and
E.A. individually and on behalf of D.G., and
T.B. individually and on behalf of T.C., and
A.C. individually and on behalf of K.H., and
L.C. individually and on behalf of J.H., and
M.E. individually and on behalf of E.W., and
H.F. individually and on behalf of R.M., and
K.G. individually and on behalf of K.G., and
E.G. individually and on behalf of M.G., and
O.G. individually and on behalf of R.E., and
R.G. individually and on behalf of A.G., and
P.G. individually and on behalf of P.G., and
S.I. individually and on behalf of A.A., and
M.L. individually and on behalf of A.L., and
I.M. individually and on behalf of S.W., and
M.M. individually and on behalf of A.R., and
B.R. individually and on behalf of P.T., and
M.T. individually and on behalf of L.T.

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| -against- | **Index No. 1:24-cv-2685** |

New York City Department of Education,
                                   Defendant.
 ----------------------------------------------------------------X

Littman Krooks LLP, individually and on behalf of R.A., E.A., T.B., A.C., L.C., M.E., H.F.,

K.G., E.G., O.G., R.G., P.G., S.I., M.L., I.M., M.M., B.R., and M.T., all Parents or Legal

Guardians of students with disabilities, for their Complaint, hereby allege:

1.        This is an action pursuant to the fee shifting provisions of the Individuals the Individuals

with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3), to recover

attorneys' fees and costs that Plaintiffs R.A., E.A., T.B., A.C., L.C., M.E., H.F., K.G., E.G., O.G.,

R.G., P.G., S.I., M.L., I.M., M.M., B.R., and M.T. ("Plaintiffs" or "Parents") incurred in

connection with administrative proceedings brought individually and  behalf of their children, *inter*

*alia*, , 20 U.S.C. 1400 *et seq.* ("Defendant" or "Defendant") and which such Plaintiffs assigned to

Plaintiff Littman Krooks LLP.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' federal claim for an award of reasonable

attorneys' fees to a prevailing party in an administrative proceeding under the IDEIA, pursuant to

20 U.S.C. 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. 1331.[1]

3.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that Plaintiffs and Defendant all reside

in or are situated within this judicial Defendant.

## THE PARTIES

4.     Plaintiff  Z.A. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has

been classified by the Defendant as a student with Autism.

5.     Plaintiff R.A. is Z.A.'s ("Z.A." or "Student") parent.

6.     Plaintiff D.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has

been classified by the Defendant as a student with Autism.

7.     Plaintiff E.A. is D.G.'s ("D.G." or "Student") parent.

8.     Plaintiff T.C. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has

been classified by the Defendant as a student with Autism.

---

[1]     The IDEA attorney's fees provision, as set forth at  § 20 U.S.C. § 1415(i)(3) serves the important public purpose of helping to ensure that  parents of students with disabilities to have access to attorneys without regard to income.    Congress also recognized that parents of students with disabilities perform an important public service  by essentially acting as private attorneys general and bringing IDEA claims to enforce the statute. *See generally*  S. REP. NO. 99-112.  Due process hearings can also help identify service gaps and problems for school districts. *See* Kevin Lanigan et al., "Nasty, Brutish . . . and Often Not Very Short: The Attorney Perspective on Due Process," in RETHINKING SPECIAL EDUCATION FOR A NEW CENTURY (Chester Finn et al., eds., 2001) at 225. *See* Daggett, Lynn, "*Special Education Attorney's Fees: of Buchannan*, the IDEA Reauthorization Bills and the IDEA as Civil Rights Statute,"  8:1 UC Davis Journal of Juvenile Law & Policy at 8, fn 39.

9.      Plaintiff T.B. is T.C.'s ("T.C." or "Student") parent.

10.     Plaintiff K.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

11.     Plaintiff A.C. is K.H.'s ("K.H." or "Student") parent.

12.     Plaintiff J.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Learning Disability

13.     Plaintiff L.C. is J.H.'s ("J.H." or "Student") parent.

14.     Plaintiff E.W. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Learning Disability.

15.     Plaintiff M.E. is E.W.'s ("E.W." or "Student") parent.

16.     Plaintiff R.M. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Speech or Language Impairment.

17.     Plaintiff H.F. is R.M.'s ("R.M." or "Student") legal guardian.

18.     Plaintiff K.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

19.     Plaintiff K.G. is K.G.'s ("K.G" or "Student") parent.

20.     Plaintiff M.G. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Learning Disability.

21.     Plaintiff E.G. is M.G.'s ("M.G" or "Student") parent.

22.     Plaintiff R.E is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

23.     Plaintiff O.G. is R.E.'s ("R.E" or "Student") parent.

24.     Plaintiff A.G is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  She has been classified by the Defendant as a student with Autism.

25.     Plaintiff R.G. is A.G.'s ("A.G" or "Student") parent.

26.     Plaintiff P.G is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

27.     Plaintiff P.G. is P.G.'s ("P.G" or "Student") parent.

28.     Plaintiff A.A. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

29.     Plaintiff S.I. is A.A.'s ("A.A" or "Student") parent.

30.     Plaintiff A.L. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

31.     Plaintiff M.L. is A.L.'s ("A.L." or "Student") parent.

32.     Plaintiff S.W. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  She has been classified by the Defendant as a student with an Emotional Disability.

33.     Plaintiff I.M. is S.W.'s ("S.W" or "Student") parent.

34.     Plaintiff A.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with an Other Health Impairment.

35.     Plaintiff M.M. is A.R.'s ("A.R." or "Student") parent.

36.     Plaintiff P.T. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

37.      Plaintiff B.R. is P.T.'s ("P.T." or "Student") parent.

38.     Plaintiff L.T. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Other Health Impairment.

39.     Plaintiff M.T. is L.T.'s ("L.T." or "Student") parent.

40.     Plaintiffs all reside within the boundaries of the New York City Department of Education or resided there during all points relevant to the hearings and to this action.

41.     Upon information and belief, Defendant, the District, is a duly constituted school District organized under the laws of the State of New York, and is the agency charged with the obligation to provide all the listed students herein with a free and appropriate public education ("FAPE") in accordance with the mandates of the IDEIA and the New York State Education Law, for the school years germane to this action.

42.     Plaintiffs respectfully request that the Court accept this Complaint to hear the related Motions for Attorney fees, as the law firm of Littman Krooks LLP ("Littman Krooks") has represented each of the Plaintiffs and all Plaintiffs have prevailed in all the underlying administrative decisions.

**FACTS**

**R.A. individually and on behalf of Z.A.**

43.     Plaintiff R.A. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide Z.A. with a FAPE for the 2021-2022 AND 2022-2023 school years.

44.     On March 3, 2023, Littman Krooks drafted and filed a Due Process Complaint (DPC) alleging that the Defendant failed to offer T.C. a FAPE and requested relief.

45.     Impartial Hearing Officer ("IHO"), Ashley Grant, Esq. was duly appointed to preside over the matter on March 7, 2023.  The matter was captioned as Case Number 246447.

46.     The Impartial Hearing commenced on May 5, 2023 and concluded on May 18, 2023.

47.     At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.  In the post hearing brief, the Plaintiff R.A. requested the following relief: a Committee on Special Education ("CSE") reconvene; an independent neuropsychological evaluation; Occupational Therapy ("OT") and Speech evaluations; an ABA assessment; at least 500 hours of compensatory ABA therapy; at least 600 hours of compensatory tutoring; and 80 hours each of compensatory OT, Speech Language Therapy (SLT) and counseling.

48.     The Defendant also submitted a written closing statement, requesting the IHO deny the Plaintiff's requested relief.

49.     On September 5, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[2]    The IHO found that the Defendant failed to provide Z.A. with a FAPE for the 2021-2022, and 2022-2023 school years.  The IHO ordered that Defendant to the Defendant fund an independent neuropsychological evaluation; fund an ABA assessment; fund a Functional Behavioral Assessment ("FBA"); conduct OT and Speech evaluations; reconvene the CSE; fund 80 hours of compensatory SLT; fund 80 hours of compensatory OT; fund 500 hours of compensatory tutoring; and fund 3,840 hours of ABA therapy.

50.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

51.     On October 17, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-One Thousand Eight Hundred and Ninety-Seven Dollars and Fifty Cents ($21,897.50).

52.     On October 30, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

---

[2] A true copy of IHO Grant's Findings of Fact and Decision is annexed hereto as Exhibit A.

53.     To date, this matter remains unresolved.

**E.A. individually and on behalf of D.G.**

54.     Plaintiff E.A. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide D.G. with a FAPE for the 2020-2021 and 2021-2022 school years.

55.     On August 2, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer D.G. a FAPE and requested relief.

56.     On August 5, 2022, IHO Eryn DeFontes, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 229585.

57.     The Impartial Hearing commenced October 3, 2022 and concluded on October 20, 2022.

58.     At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

59.     The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

60.     On December 14, 2022, the IHO issued a Findings of Fact and Decision in the instant matter. [3]  The IHO found that the Defendant failed to provide D.G. with a FAPE for the 2020-2021 and 2021-2022 school years.  The IHO ordered that Defendant to fund 500 hours of compensatory tutoring; fund 960 hours of compensatory ABA; fund 80 hours of compensatory OT; fund 80 hours of compensatory counseling; and fund 80 hours of compensatory OT.

---

[3] A true copy of IHO DeFontes' Findings of Fact and Decision is annexed hereto as Exhibit B.

61.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

62.    On January 24, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Two Thousand Seven Hundred Seventy-One Dollars and Twenty-Five Cents ($22,771.25).

63.    On January 27, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

64.    To date, this matter remains unresolved.


**T.B. individually and on behalf of T.C.**

65.    Plaintiff T.B. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide T.C. with a FAPE for the 2022-2023 and 2023-2024 school years.

66.    On July 7, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer T.C. a FAPE and requested relief.

67.    On July 12, 2023, IHO Linda Agoston, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 251324.

68.    The Impartial Hearing took place on September 29, 2023, October 6, 2023, and October 25, 2023.

69.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

8

70.     The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

71.     On December 13, 2023, the IHO issued a Findings of Fact and Decision in the instant matter. [4]   The IHO found that the Defendant failed to provide T.C. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered that Defendant to defer to the CBST for a specialized program in an NPS; conduct OT and SLT evaluations; fund an independent neuropsychological evaluation; fund compensatory ABA sessions for 400 hours; and fund 500 hours of compensatory tutoring.

72.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

73.     On February 1, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Eight Thousand Eight Hundred Seven Dollars and Fifty Cents ($28,807.50).

74.     On February 13, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

75.     To date, this matter remains unresolved.


**A.C. individually and on behalf of K.H.**

76.     Plaintiff A.C retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide K.H. with a FAPE for the 2020-2021, 2021-2022 and 2022-2023 school years.

---

[4] A true copy of IHO Agoston's Findings of Fact and Decision is annexed hereto as Exhibit C.

77.     On February 23, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer K.H. a FAPE and requested relief.

78.     On February 24, 2023, IHO Ramy Louis, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 246175.

79.     The Impartial Hearing commenced and concluded on April 28, 2023.

80.     At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

81.     On June 1, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[5] The IHO found that the Defendant failed to provide a FAPE to K.H. for the 2020-2021, 2021-2022, and 2022-2023 school years.  The IHO ordered the Defendant to conduct OT evaluation, speech and Assistive Technology evaluation; fund an independent neuropsychological evaluation; fund an independent ABA evaluation; fund 3,840 hours of compensatory ABA therapy; fund 500 hours of compensatory tutoring; 48 hours of compensatory OT; fund 48 hours of SLT; fund 48 hours of compensatory counseling.

82.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

83.     On July 12, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Nineteen Thousand Two Hundred Ninety-Five Dollars ($19,295).

84.     On July 20, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

85.     To date, this matter remains unresolved.

---

[5] A true copy of IHO Louis' Findings of Fact and Decision is annexed hereto as Exhibit D.

**L.C. individually and on behalf of J.H.**

86.     Plaintiff L.C retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide J.H. with a FAPE for the 2021-2022 and 2022-2023 school years.

87.     On August 1, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer J.H. a FAPE and requested relief.

88.     On August 2, 2023, IHO Lisa S. Rusk, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 252283.

89.     The Impartial Hearing commenced and concluded on October 3, 2023.

90.     At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

91.     The Defendant also submitted a post hearing brief, requesting that the Plaintiff's request for relief be denied.

92.     On November 10, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[6]   The IHO found that the Defendant failed to provide a FAPE to J.H. for the 2021-2022, and 2022-2023 school years.   The IHO ordered the Defendant to conduct fund 360 hours of compensatory tutoring.

93.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

---

[6] A true copy of IHO Rusk's Findings of Fact and Decision is annexed hereto as Exhibit E.

94.     On January 12, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Sixteen Thousand One Dollar and Twenty-Five Cents ($16,001.25).

95.     On January 30, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

96.     To date, this matter remains unresolved.


**M.E. individually and on behalf of E.W.**

97.     Plaintiff M.E. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide E.W. with a FAPE for the 2020-2021 and 2021-2022 and 2022-2023 school years.

98.     On March 24, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer E.W. a FAPE and requested relief.

99.     On March 28, 2023, IHO Leah Martin, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 246977.

100.    The Impartial Hearing took place on June 14, 2023.

101.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

102.    On July 5, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[7] The IHO found that the Defendant failed to provide a FAPE to E.W. for the 2021-2022 and 2022-2023 school years.   The IHO ordered the Defendant to reimburse Plaintiff, M.E., $4,705 for

---

[7] A true copy of IHO Martin's Findings of Fact and Decision is annexed hereto as Exhibit F.

tutoring services; conduct OT and speech evaluations; provide compensatory OT; provide AT; provide 5 hours of AT training; fund 600 hours of compensatory tutoring; reconvene the CSE.

103.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

104.    On August 15, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Two Thousand, Nine Hundred Six Dollars and Twenty-Five Cents ($22,906.25).

105.    On August 29, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

106.    To date, this matter remains unresolved.


**H.F. individually and on behalf of R.M.**

107.    Plaintiff H.F. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide R.M. with a FAPE for the 2020-2021, 2021-2022 and 2022-2023 school years.

108.    On December 8, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer M.G. a FAPE for said years and requested relief.

109.    On January 9, 2023, IHO Marisa Carbone, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 206766.

110.    The Impartial Hearing took place on March 24, 2023.

111.    On April 23, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[8] The IHO found that the Defendant denied R.M. a FAPE for the 2020-2021, 2021-2022 and 2022-2023 school years.  The IHO ordered the Defendant to fund 500 hours of compensatory tutoring; fund a neuropsychological evaluation; fund an OT evaluation; fund a speech evaluation; and convene the CSE to create a new IEP.

112.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

113.    On June 6, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifteen Thousand Six Hundred Ninety-One Dollars and Twenty-Five Cents ($15,691.25).

114.    On June 20, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

115.    To date this claim remains unresolved.


**K.G. individually and on behalf of K.G.**

116.    Plaintiff K.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide K.G. with a FAPE for the 2021-2022 AND 2022-2023 school years.

117.    On December 14, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer K.G. a FAPE for said years and requested relief.

---

[8] A true copy of IHO Carbone's Findings of Fact and Decision is annexed hereto as Exhibit G.

118.     On January 30, 2023, IHO Michael Das, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 243736.

119.     The Impartial Hearing took place on April 26, 2023.

120.     At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

121.     On June 7, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[9] The IHO found that the Defendant denied K.G. a FAPE for the 2021-2022 and 2022-2023 school years.  The IHO ordered the Defendant to convene the CSE; fund 960 hours of compensatory ABA therapy; fund 500 hours of compensatory tutoring; fund 72 hours of compensatory OT; fund 72 hours of compensatory Physical Therapy; and fund 96 hours of compensatory SLT.

122.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

123.     On August 15, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Two Thousand Two Hundred Forty-One Dollars and Twenty-Five Cents ($23,241,25).

124.     On August 29, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

125.     To date this claim remains unresolved.


**E.G. individually and on behalf of M.G**

126.     On February 6, 2023, the Parent filed a pro se DPC.

127.     Plaintiff E.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State

---

[9] A true copy of IHO Das's Findings of Fact and Decision is annexed hereto as Exhibit H.

law regarding the Defendant's failure to provide M.G. with a FAPE for the 2021-2022 and 2022-2023 school years.

128.    On June 8, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer M.G. a FAPE for said years and requested relief.

129.    On April 26, 2023, IHO Renée J. Adonis, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 245687.

130.    The Impartial Hearing took place on September 6, 2023.

131.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

132.    The Defendant also submitted a post hearing brief, requesting that the Parent's request for relief be denied.

133.    On October 20, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[10]   The IHO found that the Defendant denied M.G. a FAPE for the 2021-2022 and 2022-2023 school years.  The IHO ordered the Defendant to create an appropriate program; fund 360 hours of compensatory tutoring; fund 20 hours of compensatory counseling; and provide an Assistive Technology device.

134.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

135.    On January 12, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirteen Thousand Three Hundred Ninety-Five Dollars ($13,395).

---

[10] A true copy of IHO Adonis' Findings of Fact and Decision is annexed hereto as Exhibit I.

136.    On January 30, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

137.    To date this claim remains unresolved.


**O.G. individually and on behalf of R.E**

138.    Plaintiff O.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide D.G. with a FAPE for the 2020-2021 and 2021-2022 school years.

139.    On June 15, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer R.E. a FAPE and requested relief.

140.    On June 17, 2022, IHO Timothy M. Mahoney, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 226938.

141.    The Impartial Hearing commenced on September 12, 2022 and concluded on September 16, 2022.

142.    On June 27, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[11] The IHO found that the Defendant's failed to provide R.E with a FAPE for the 2020-2021 and 2021-2022 school years. The IHO ordered the Defendant to fund 500 hours of compensatory tutoring; fund 80 hours of compensatory SLT; fund 80 hours of compensatory PT; fund 80 hours of compensatory counseling; and fund 80 hours of compensatory OT.

---

[11] A true copy of IHO Mahoney's Findings of Fact and Decision is annexed hereto as Exhibit J.

143.     The Defendant did not appeal the IHO's Decision and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

144.     On August 8, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Two Thousand Seven Hundred Twenty-Seven Dollars and Fifty-Five cents ($22,727.50).

145.     On August 17, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

146.     To date, this matter remains unresolved.


**R.G. individually and on behalf of A.G.**

147.     Plaintiff R.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide A.G. with a FAPE for the 2022-2023 and 2023-2024 school years.

148.     On July 20, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.G. a FAPE for said years and requested relief.

149.     On July 24, 2023, IHO Joshua H. Arocho, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 251958.

150.     The Impartial Hearing took place on September 6, 2023, and September 28, 2023 .

151.     On October 16, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[12]    The IHO found that the Defendant denied A.G. a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered the Defendant to reconvene the CSE to develop a new IEP;

---

[12] A true copy of IHO Arocho's Findings of Fact and Decision is annexed hereto as Exhibit K.

conduct an Assistive Technology evaluation; fund 600 hours of compensatory ABA services; and fund 206 hours of Prompts for Restructuring Oral Muscular Phonetic Targets therapy.

152.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

153.    On February 1, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirteen Thousand Four Hundred Forty-Two Dollars and Fifty Cents ($13,442.50).

154.    On February 13, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

155.    To date this claim remains unresolved.

**P.G. individually and on behalf of P.G.**

156.    Plaintiff P.G. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide P.G. with a FAPE for the 2022-2023 and 2023-2024 school years.

157.    On June 23, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer P.G. a FAPE for said years and requested relief.

158.    On June 29, 2023, IHO Ronald Abraham, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 249385.

159.    The Impartial Hearing took place on December 20, 2023.

160.    On December 22, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[13]    The IHO found that the Defendant denied P.G. a FAPE for the 2022-2023 and 2023-2024 school years.   The IHO ordered the Defendant to Fund 390 hours of compensatory special education teacher support services (SETSS); fund 10 periods per week of SETSS, in accordance with Student's IEP dated October 13, 2023, for the remainder of the 2023-2024 school year; and fund 40 hours of compensatory SLT.

161.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

162.    On February 1, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Eleven Thousand Five Hundred Twenty-Three Dollars and Seventy-Five Cents ($11,523.75).

163.    On February 13, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

164.    To date this claim remains unresolved.


**S.I. individually and on behalf of A.A.**

165.    Plaintiff S.I. filed a pro se DPC on February 24, 2023.

166.    Plaintiff S.I. retained the services of Littman Krooks for the purposes of representation at an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide A.A. with a FAPE for the 2021-2022 and 2022-2023 school years.

---

[13] A true copy of IHO Abraham's Findings of Fact and Decision is annexed hereto as Exhibit L.

167.     On May 9, 2023, Littman Krooks filed an amended DPC requesting an impartial hearing

on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.A. a FAPE for said

years and requested relief.

168.     On February 27, 2023, IHO Michele Host, Esq. was duly appointed to preside over the

matter, which was captioned as Case Number 246225.

169.     The Impartial Hearing took place on October 19, 2023, October 26, 2023, and December

1, 2023.

170.     On December 11, 2023, the IHO issued a Findings of Fact and Decision in the instant

matter.[14]    The IHO found that the Defendant denied A.A. a FAPE for the 2021-2022 and 2022-

2023 school years.  The IHO ordered the Defendant fund A.A.'s placement at Manhattan Children's

Center for the remainder of the 2023-2024 school year; fund 3,840 hours of ABA therapy; fund

94 hours of parent counseling and training and fund 94 hours of supervision/program development

by a BCBA.

171.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See*

N.Y. Educ. L. § 4404(3).

172.     On January 26, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of

Twenty-Nine Thousand Three Hundred Fifty-Three Dollars and Seventy-Five Cents ($29,353.75).

173.     On February 9, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and

provided contact information for the staff member assigned to the matter.

174.     To date this claim remains unresolved.

**M.L. individually and on behalf of A.L.**

---

[14] A true copy of IHO Host's Findings of Fact and Decision is annexed hereto as Exhibit M.

175.    Plaintiff M.L. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide A.L. with a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years.

176.    On August 2, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.L. a FAPE and requested relief.

177.    On August 5, 2022, IHO Mercedes Cesaratto, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 229581.

178.    The Impartial Hearing took place on November 17, 2022, January 11, 2023, January 13, 2023, and February 9, 2023.

179.    On June 13, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[15] The IHO found that the Defendant failed to provide A.L. with a FAPE for the 2020-2021, 2021-2022, and 2022-2023school year. The IHO ordered the Defendant to convene the CSE; fund 500 hours of compensatory tutoring; fund 80 hours of compensatory OT; fund 80 hours of compensatory SLT; fund 80 hours of compensatory counseling; and fund 960 hours of compensatory ABA.

180.    The Defendant did not appeal the IHO's Decision and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

181.    On July 25, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifty-Eight Thousand Eight Hundred Fifty-Six Dollars and Twenty-Five Cents ($58,856.25).

---

[15] A true copy of IHO Cesaratto's Findings of Fact and Decision is annexed hereto as Exhibit N.

182.    On August 7, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

183.    To date, this matter remains unresolved.

**I.M. individually and on behalf of S.W.**

184.    Plaintiff I.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide S.W. with a FAPE for the 2022-2023 and 2023-2024 school years.

185.    On November 8, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer S.W. a FAPE and requested relief.

186.    On November 10, 2023, IHO Daniel Ajello, Esq. was duly appointed to preside over the matter.  The matter was captioned as Case Number 265298.

187.    The Impartial Hearing took place on December 19, 2023, and December 21, 2023.

188.    On January 1, 2024, the IHO issued a Findings of Fact and Decision in the instant matter.[16] The IHO found that the Defendant failed to provide S.W. with a FAPE for the 2022-2023 and 2023-2024 school years. The IHO ordered the Defendant to fund 600 hours of compensatory tutoring; fund 40 hours of compensatory PT; fund 40 hours of compensatory SLT; 40 hours of compensatory OT; and 40 hours of compensatory counseling.

189.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

---

[16] A true copy of IHO Ajello's Findings of Fact and Decision is annexed hereto as Exhibit O.

190.    On February 15, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Ten Thousand Eight Hundred Forty-One Dollars and Twenty-Five Cents ($10,841.25).

191.    On March 1, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

192.    To date, this matter remains unresolved.

**M.M. individually and on behalf of A.R.**

193.    Plaintiff M.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide A.R. with a FAPE for the 2020-2021, 2021-2022 and 2022-2023 school years.

194.    On October 11, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.R. a FAPE for said years and requested relief.

195.    On January 5, 2023, IHO Richard A. Liese, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 206521.

196.    The Impartial Hearing took place on November 17, 2023.

197.    On December 7, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[17]   The IHO found that the Defendant denied A.R. a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years.  The IHO ordered the Defendant to fund 800 hours of compensatory tutoring; and fund 40 hours of compensatory SLT.

---

[17] A true copy of IHO Liese's Findings of Fact and Decision is annexed hereto as Exhibit P.

198.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

199.    On January 18, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifteen Thousand Seven Hundred Twenty-Five Dollars ($15,725).

200.    On January 31, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

201.    To date this claim remains unresolved.

**B.R. individually and on behalf of P.T.**

202.    Plaintiff B.R. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide P.T. with a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years.

203.     On January 25, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer P.T. a FAPE and requested relief.

204.    On February 3, 2023, IHO Marcel P. Denis, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 245305.

205.    The Impartial Hearing took place on April 21, 2023.

206.    At the conclusion of the Impartial Hearing, Plaintiff submitted a post hearing brief in support of her request for relief.

207.    The Defendant did not submit a post hearing brief.

208.    On June 27, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[18]
The IHO found that the Defendant failed to provide P.T. a FAPE for the 2020-2021, 2021-2022,
and 2022-2023 school years and ordered the Defendant to fund a neuropsychological evaluation;
fund an AT evaluation; fund an OT evaluation; fund a speech evaluation; fund 500 hours of
compensatory tutoring; fund 80 hours of compensatory OT; fund 80 hours of compensatory
speech; fund 80 hours of compensatory counseling; fund 3,680 of ABA therapy; fund 184 hours
of parent training; fund 184 hours of ABA supervision; and convene the CSE.

209.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See*
N.Y. Educ. L. § 4404(3).

210.    On August 28, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of
Twenty-Two Thousand Eight Hundred Eighty Dollars ($22,880).

211.    On September 7, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and
provided contact information for the staff member assigned to the matter.

212.    To date this claim remains unresolved.


**M.T. individually and on behalf of L.T.**

213.    Plaintiff M.T. retained the services of Littman Krooks for the purposes of requesting an
impartial due process hearing against the Defendant pursuant to the IDEIA and New York State
law regarding the Defendant's failure to provide L.T. with a FAPE for the 2019-2020, 2020-2021,
and 2021-2022 school years.

---

[18] A true copy of IHO Denis' Findings of Fact and Decision is annexed hereto as Exhibit Q.

214.     On April 6, 2022, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer L.T. a FAPE and requested relief.

215.     On June 13, 2022, IHO Mindy G. Wolman, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 225715.

216.     The Impartial Hearing commenced on July 15, 2022 and concluded on October 14, 2022.

217.     On January 31, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[19]  The IHO found that the Defendant failed to provide L.T. a FAPE for the 2019-2020, 2020-2021, and 2021-2022 school years and ordered the Defendant to fund 400 hours of compensatory tutoring; and reimburse Plaintiff, M.T. for full tuition at the Cooke School for the 2021-2022 school year.

218.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

219.     On April 4, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Forty-Three Thousand One Hundred Forty Dollars ($43,140.00).

220.     On April 20, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

221.     To date this claim remains unresolved.


**AS AND FOR A FIRST CAUSE OF ACTION**

222.     Plaintiff repeats and realleges paragraphs 1 through 221 as if more fully set forth herein.

---

[19] A true copy of IHO Wolman's Findings of Fact and Decision is annexed hereto as Exhibit R.

223.    Plaintiffs R.A., E.A., T.B., A.C., L.C., M.E., H.F., K.G., E.G., O.G., R.G., P.G., S.I., M.L., I.M., M.M., B.R., and M.T. have assigned to Plaintiff Law Offices of Littman Krooks LLP the right to attorney fees that arise from having prevailed in the administrative proceedings described above.

224.    Plaintiff Littman Krooks LLP has submitted to the District a request for payment for services rendered on each of the administrative proceedings described above ("attorney fee claims").

225.    Plaintiff Littman Krooks LLP has attempted, without success, to resolve the attorney fee claims.

226.    Plaintiff Littman Krooks LLP hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

227.    Defendant having not satisfied its obligation to pay attorney fees in a timely fashion, Plaintiffs demand prejudgment interest.


**AS AND FOR A SECOND CAUSE OF ACTION**

228.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 227 as if fully set forth herein.

229.    Defendant has, upon information and belief, acted in bad faith by unduly delaying, through inappropriate practices and assigning inadequate staff, both the provision of FAPE and payment of attorney fees, necessary for the provision of FAPE.

230.    Plaintiffs have relied on the representations of Defendant that it was settling cases to Plaintiff, to its detriment as such procedures have proven ineffective.

231.    Each Plaintiff was the prevailing party at the impartial hearing, and as such should receive an award of attorneys' fees within a reasonable time frame, pursuant to the procedures set forth by Defendant.

232.    The time expended by Littman Krooks' attorneys and paralegals in connection with the impartial hearing and this action for fees was reasonable in light of the legal services requested and performed.

233.    The costs and fees that Littman Krooks charged pursuant to the retainer for the impartial hearing are commensurate with market value in light of the experience and expertise of Counsel and the complexity of the issues involved.

234.    Defendant has developed a pattern of delay and failed to negotiate cases in a reasonable and timely manner.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action;

(b) Award LITTMAN KROOKS reasonable attorneys' fees and costs individually, in an amount to be determined at trial, totaling no less than Four Hundred Twelve Thousand Four Hundred Ninety Six Dollars and Twenty Five cents ($412,496.25) plus interest, as well as additional costs, and expenses, as well as the additional costs incurred in connection with the events leading to and the prosecution of this action to recover reasonable attorneys' fees based on each Plaintiff's success in the following underlying actions:

| | |
|---|---|
| R.A. individually and on behalf of Z.A., and | 21,897.50 |
| E.A. individually and on behalf of D.G., and | 22,771.25 |
| T.B. individually and on behalf of T.C., and | 28,807.50 |
| A.C. individually and on behalf of K.H., and | 19,295.00 |
| L.C. individually and on behalf of J.H., and | 16,001.25 |
| M.E. individually and on behalf of E.W., and | 22,906.25 |
| H.F. individually and on behalf of R.M., and | 15,691.25 |
| K.G. individually and on behalf of K.G., and | 23,241.25 |
| E.G. individually and on behalf of M.G., and | 13,395.00 |
| O.G. individually and on behalf of R.E., and | 22,727.50 |
| R.G. individually and on behalf of A.G., and | 13,442.50 |
| P.G. individually and on behalf of P.G, and | 11,523.75 |
| S.I. individually and on behalf of A.A., and | 29,353.75 |
| M.L. individually and on behalf of A.L., and | 58,856.25 |
| I.M. individually and on behalf of S.W., and | 10,841.25 |
| M.M. individually and on behalf of A.R., and | 15,725.00 |
| B.R. individually and on behalf of P.T., and | 22,880.00 |
| M.T. individually and on behalf of L.T. | 43,140.00 |
| | |
| Total | 412,496.25 |

(c) Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 9, 2024

_____
        Arshi Pal, Esq.
        Littman Krooks LLP
        Attorney for Petitioners
        1325 Avenue of the Americas
        New York, New York 10019
        (914) 684-2100
        apal@littmankrooks.com

Of Counsel:  Marion M. Walsh, Esq.